

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| MARCUS D. GREENE,<br>   Plaintiff,<br><br>vs.<br><br>BERKLEY COUNTY JAIL,<br>OFFICER MORTON, and<br>OFFICER BIERING,<br>   Defendants. | §<br>§<br>§<br>§ CIVIL ACTION NO. 9:13-3157-MGL-BM<br>§<br>§<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PLAINTIFF'S CASE WITHOUT PREJUDICE

  This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted and this case be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 28, 2014, and the Clerk of Court entered Plaintiff's objections on September 10, 2014. The Court has considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff brought an excessive force claim against Defendants Berkley County Jail, Officer Morton, and Officer Biering. He seeks both money damages and medical treatment for his chronic back pain and surgery.

Defendants filed a motion summary judgment that, as noted above, the Magistrate Judge recommends that the Court grant. As to Defendant Berkley County Jail, the Magistrate Judge suggests that it be dismissed on the basis that "[i]nanimate objects such as buildings, facilities and grounds do not act under color of state law, and are not a "person" subject to suit under § 1983." Report 7. In regards to Defendants Morton and Biering, the Magistrate Judge states that, "while Plaintiff may conceivably have a state law claim he could assert arising from th[e] incident, or some further administrative remedy he could pursue, [he did] not find the evidence before this Court is sufficient to create a genuine issue of fact as to whether constitutionally excessive force was used under the circumstances of this case. . . . Plaintiff's excessive force claim asserted as a constitutional violation should therefore be dismissed." *Id*. at 14. The Court agrees as to the Magistrate Judge's recommendation as to each of the defendants.

Attached to the Report is a "Notice of Right to File Objections to Report and Recommendation." In the notice is the following pertinent instruction:

2

> The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. . . . Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.

Report 15 (citations omitted). Nevertheless, instead of making specific objections to the Report, Plaintiff submitted only this:

> ON MAY 5, 2014, DEFENDANTS FILED A MOTION FOR SUMMARY JUDGMENT[.] A *ROSEBORO* ORDER WAS ENTERED BY THE COURT. PLAINTIFF REPLIED THAT A MATERIAL ISSUE EXIST[S] AND THAT SUMMARY JUDGMENT WAS NOT APPROPRIATE IN THIS MATTER AND THAT SUMMARY JUDGMENT SHOULD NOT BE GRANTED BUT ISSUES EXIST THAT SHOULD BE HEARD BY A JURY AND DECIDED BY A JURY. THAT VIDEO SHOULD BE PRESENTED TO A JURY FOR A VERDICT. PLAINTIFF PRESENTED NO THREAT BUT WAS SINGLED OUT AND ASSAULTED AND VERBALLY SUBJECTED TO RACIAL SLURS.
>
> AND SUMMARY JUDGMENT IS NOT APPROPRIATE IF ANY GENUINE ISSUES AS TO THE FACTS STATED EXIST.
>
> COURT RECORDS OF MOTIONS AND PLAINTIFF['S] RESPONSE TO MOTIONS CLEARLY SHOW[] THAT MATERIAL ISSUES EXIST AND SUMMARY JUDGMENT IS NOT APPROPRIATE.
>
> CONCLUSION
> I DO NOT AGREE WITH THE REPORT AND RECOMMENDATION AND FOR THE RECORD STATE THAT SUMMARY JUDGMENT IS NOT APPROPRIATE AND [I] WILL PURSUE THIS MATTER UNTIL JUSTICE IS DONE.
>
> WHEREFORE[,] HAVING STATED MY POSITION TO THE REPORT AND RECOMMENDATION, AND THAT SUMMARY JUDGMENT IS NOT THE APPROPRIATE WAY TO PROCEED.

Objections 1-2. But, specific objections are necessary to focus the Court's attention on disputed issues. *See Thomas v. Arn*, 474 U.S. 140, 147-48 (1985).

In that Plaintiff's general objection to the Report do not direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object. *See Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that failure to file specific objections to particular conclusions in the Magistrate Judge's Report, after being warned of the consequences of failing to object, makes de novo review by the district court unnecessary). And, a failure to object waives appellate review. *See Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

The Court notes that, to the extent that Plaintiff's statement that he "presented no threat but was singled out and assaulted and verbally subjected to racial slurs" can be construed as a specific objection, the Court has made a de novo review of those portions of the Report and record dealing with that objection. But, inasmuch as the Court agrees with the Magistrate Judge's treatment of those issues in the Report, it need not repeat the analysis here.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion for summary judgment is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE** so that Plaintiff can pursue any state law or administrative remedies that might be available to him if he wishes to do so.

**IT IS SO ORDERED**.

Signed this 18th day of September, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.